PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:21-MC-00176-MCE-CKD |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $32,300.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On January 20, 2021, agents with the Drug Enforcement Administration ("DEA") contacted Ryan Ian Preston ("Preston" or "claimant") at the Sacramento International Airport in Sacramento, California. Approximately $32,300.00 in U.S. Currency ("defendant currency") was seized from Preston during this encounter.

2. The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about April 19, 2021, DEA received a claim from Preston asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on January 20, 2021, agents with the DEA received information regarding suspicious travel by Preston, stating that he had booked his one-way ticket one day prior to his travel and was traveling with no checked luggage. Law

1

enforcement agents responded to the terminal and positioned themselves at Gate A-4 for Preston's incoming flight. Law enforcement approached Preston as he exited from the jet-way, verbally identified themselves as law enforcement, and asked for permission to speak with him.

4. The United States represents that it could further show at a forfeiture trial that Law enforcement asked Preston that in addition to his two carry-on bags, one backpack and one duffel bag, if he was traveling with any checked luggage. Preston stated that he had no checked luggage. Law enforcement then asked Preston if they could perform a search of his carry-on bags to ensure he was not traveling with anything illegal. Preston declined to provide consent but later agreed to open the luggage and show agents the contents if they could do so in a private room. Law enforcement then walked with Preston to a private room in the airport.

5. The United States represents that it could further show at a forfeiture trial that once in the private room, Preston placed both his bags on a table and proceeded to open his duffel bag in the presence of law enforcement. Law enforcement asked Preston what was in the make-up case and Preston unzipped the case and showed them two rubber band-bound stacks of U.S. Currency. Law enforcement asked Preston how much currency was in the case and Preston mumbled, "a few thousand." Preston then also removed two "BB&T" banking envelopes from the backpack, both of which had currency within them. Law enforcement asked Preston how much currency was in the envelopes and Preston again stated, "a few thousand," further stating that they were all one-dollar bills.

6. A later bank count of the cash seized from Preston's luggage totaled $32,300.00. A denominational breakdown of the seized currency revealed 300 $20 bills, 52 $50 bills and 237 $100 bills.

7. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Preston acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless

and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $16,150.00 of the Approximately $32,300.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $16,150.00 of the Approximately $32,300.00 in U.S. Currency shall be returned to claimant Ryan Ian Preston through his attorney Robert G. Amsel.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimant waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated: February 16, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE